IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DEVONCE C. PATTERSON,

    Defendant.

No. 16-cr-40012-JPG-04

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Devonce C. Patterson's *pro se* motions for a 60-day extension of time to file a § 2255 motion (Doc. 255) and motion for free copies of his guilty plea hearing and sentencing transcripts so he can prepare his § 2255 motion (Doc. 256).

As for Patterson's request for an extension of time (Doc. 255), § 2255 itself provides no authority for the Court to grant a pre-motion extension of the one-year deadline for filing a § 2255 motion. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001) (extension may be granted only after § 2255 motion filed). However, because the one-year deadline is procedural and not jurisdictional, a late filing may be excused at the time of filing by equitable tolling or estoppel. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *see Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017); *Green*, 260 F.3d at 82-83. Nevertheless, the Court cannot grant a pre-filing extension.

The Court turns to Patterson's request for free copies of his plea colloquy and sentencing transcripts (Doc. 256), neither of which has been prepared by the court reporter. A defendant has a right to free transcripts under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent and (2) whether the transcripts are needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not

violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Patterson has not made the showing this Court requires before it will order transcripts to be prepared for him at the public's expense. First, he has failed to provide sufficient evidence that he is indigent and cannot pay for the transcripts he requests. He has submitted no documentation of the current status of his finances. Second, and more importantly, Patterson has no pending matter before this Court. This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that transcripts are needed to decide the issue or issues presented by such a matter. *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). If, at some point, the defendant should have an action pending before this Court, he may resubmit his request for free transcripts. At such time, the defendant will have the burden to establish (1) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six-months), and (2) that the transcripts are needed to decide a pending non-frivolous motion.

For the foregoing reasons, the Court hereby **DENIES** Patterson's two pending motions (Doc. 255 & 256).

**IT IS SO ORDERED.**
**DATED:   March 7, 2018**

                                                        s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **U.S. DISTRICT JUDGE**